## Monroe *versus* Smith.

1. A deed void as to existing creditors by reason of the grantor's fraud is not necessarily void as to subsequent creditors; it is bad only as to those whom it is intended to defraud.
2. A fraudulent intent may be construed to extend to future creditors, e. g. where the grantor had entered into hazardous business, or was about to do so, involving the capital or labor of others.
3. If the subsequent creditor had notice of the conveyance at the time his debt was contracted, there could be no fraud as to him.
4. Snyder *v.* Christ, 3 Wright 499, followed.

November 22d 1875. Before SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1875.

This was an ejectment, brought February 18th 1874, by William H. Monroe against Reuben Smith.

The land in dispute originally belonged to Rufus Montgomery, who conveyed it to John H. Balcom on the 29th of June 1859. On the 15th of February 1861, Balcom conveyed to Joseph De Hart, for the purpose of conveying to Mary R. Balcom, the wife of John H. Balcom. De Hart made the conveyance of Mrs. Balcom on the same day. To April Term 1867 of the court below, the

[Monroe *v.* Smith.]

defendant obtained a judgment against Balcom for $1415 ; a fi. fa. on this judgment was issued to September term of the same year, and the land in dispute was levied on as Balcom's property and sold to the defendant; the sheriff's deed to him was acknowledged November 15th 1867. On the 9th of February 1868, Mrs. Balcom duly conveyed the land to the plaintiff. The plaintiff having gone into possession, the defendant in an ejectment to April Term 1868, recovered judgment against him and went into possession.

The question in this case was whether the conveyance by Balcom to his wife through De Hart was fraudulent as against Balcom's creditors.

The case was tried May 4th 1874, before Lowrie, P. J. In addition to the foregoing facts, there was evidence that Balcom, at the time of the conveyance to his wife, owed a considerable amount of debts, but that they had all been paid before the defendant obtained his judgment against Balcom ; that Balcom had made frequent declarations to the effect that he had made the conveyance to his wife " to get clear of his creditors ; his wife to deed it back when he was out of trouble ; he was harassed by his creditors." There was evidence also that his wife had received money from her father and grandmother, which had gone into the purchase of the land, &c.

The plaintiff's third point, which was refused, was :—

" If the defendant had notice of the conveyance at the time his debt was contracted, or might have had such notice by ordinary diligence, there can be no fraud as to him, and the plaintiff is entitled to recover."

The defendant's fourth point, which was affirmed, was:—

" If the jury believe that the deeds from Balcom to De Hart, and from De Hart to Mrs. Balcom were made with the intent on the part of Balcom and his wife to delay, hinder, or prevent the then existing creditors of Balcom in the collection of their debts, the deeds were nullities and gave her no title as against then existing or subsequent creditors, and their verdict should be for the defendant, and this is so even if the jury should further believe that a part or the whole of the original purchase-money was paid by money received by Mrs. Balcom from her father."

The verdict was for the defendant.

The plaintiff took a writ of error, and amongst other errors, assigned the answers to the foregoing points.

*Compton & McKay* and *Douglass & McCoy*, for plaintiffs in error.—Since the Act of 11th April 1848, the receipt of the wife's money by the husband is presumed to be a receipt of it for her use, and makes him her trustee: Johnston *v.* Johnston, 7 Casey 450; Bergey's Appeal, 10 P. F. Smith 408.

There can be no legal fraud except as to existing creditors at

[Monroe v. Smith.]

the time of the conveyance, and such subsequent creditors as seem to be contemplated by the party making the conveyance at the time of making it: Bump on Fraudulent Conveyances 321–323; Shontz v. Brown, 3 Casey 123; Reid v. Gray, 1 Wright 508; Ridgeway v. Underwood, Wash. C. C. Rep. 129; Byrod's Appeal, 7 Casey 241; Snyder v. Christ, 3 Wright 499; Chambers v. Spencer, 5 Watts 404; Foster v. Walton, Id. 378; Mateer v. Hissim, 3 Penna. R. 160; Greenfield's Estate, 2 Harris 489; Mullen v. Wilson, 8 Wright 413; Williams v. Davis, 19 P. F. Smith 21. The husband may convey the land which he bought with the wife's money in satisfaction of the debt he owes her: Mann's Appeal, 14 Wright 375; Hinney v. Phillips, Id. 382; Mellinger v. Bausman, 9 Id. 522; Gicker v. Martin, 14 Id. 138; Grabill v. Moyer, 9 Id. 530; Miller's Appeal, 15 P. F. Smith 101. The general rule in regard to voluntary conveyances is that they are void only so far as may be necessary to satisfy prior creditors, and if they are paid the conveyance will stand: Freeman v. Burnham, 3 Conn. 469; Curtis v. Price, 12 Vesey 89; Pell v. Treadwell, 5 Wendell 661; Wilbur v. Fradenburg, 52 Barb. 474; Converse v. Hartley, 31 Conn. 372.

*J. B. Brawley*, for defendant in error.—In all cases where such intent can be shown, the conveyance would be void whether the grantor was indebted or not: Salmon v. Bennett, 1 Conn. 525; Wadsworth v. Havens, 3 Wend. 411; Parkman v. Welsh, 19 Pick. 221; Sexton v. Wheaton, 8 Wheat. 229; Benton v. Jones, 8 Conn. 190; Howe v. Ward, 4 Greenleaf 195; Jacoby's Appeal, 17 P. F. Smith 434.

Mr. Justice GORDON delivered the opinion of the court, January 6th 1876.

The affirmance, by the court below, of the defendant's fourth point, without qualification, was erroneous. It does not follow that because a deed is voidable as to existing creditors, by reason of the grantor's fraud, it is therefore voidable as to subsequent creditors; for it is bad only as to those whom it is intended to defraud: Byrod's Appeal, 7 Casey 241. It is true there are cases where the fraudulent intent may be construed to extend to future creditors, as where the grantor, at the time of the execution of the deed, has entered into, or is about to enter into some hazardous business, which necessarily does or will involve the capital, credit or labor of others. Under ordinary circumstances, however, such a presumption cannot arise: Snyder v. Christ, 3 Wright 499.

Let it be conceded that, at the time Balcom executed the deed to his wife, through De Hart, his design was to cheat, or at least, to delay his then existing creditors; as the fraud was intended to

affect them, they might have avoided that deed, but as they did not do so, and as their debts have since been paid, it is certain that by no species of subrogation now known to the law, could their rights in the premises be transferred to their successors.

The case above referred to, Snyder *v.* Christ, is our warrant for saying that so much of the plaintiff's third point as requests the court to charge, "that if the defendant had notice of the conveyance at the time his debt was contracted there can be no fraud as to him," should have been affirmed.

It is difficult to perceive how one who had knowledge of such a conveyance before he dealt with the grantor, and hence must have acted in view of it, could, by any possibility, be defrauded thereby.

For these reasons the judgment is reversed and a *venire facias de novo* awarded.