## Thompson *versus* Thompson.

1. The right of a husband to procure a conveyance of land to be made to his wife and to settle the land upon her is not affected by the fact that he borrowed a portion of the purchase-money at the time of the execution of the deed, if at that time he had no other debts, was not about to enter into any hazardous business, and his acts indicated no intention to defraud creditors.

2. Plaintiff, who loaned the portion of the purchase-money, having obtained a judgment against the husband on a judgment-note for a balance due, together with a new loan, sold the land, and brought ejectment to obtain possession, against whose claim defendants set up the wife's title. On the trial it appeared that plaintiff had advised the purchase, was present when the deed was executed and subscribed as a witness thereto, and the defendants asked the court to instruct the jury that if they should believe from the evidence, that the plaintiff knew of the conveyance to the wife and lent his money to the husband, then he accepted the husband individually as his debtor without reference to the property; that upon such facts he would be estopped, and that his signature to the deed was some evidence of knowledge on his part; all of which the court refused, and instructed the jury to find for plaintiff. *Held*, that these points should have been affirmed, and the fact of knowledge being denied by plaintiff the question should have been submitted to the jury.

3. The acceptance of a new bond, which included the balance of the purchase-money due, together with a new loan, did not create a new indebtedness that would estop plaintiff from asserting his claim against the land, if during all this time he was in ignorance of the conveyance to the wife.

October 7th 1876.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.   WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1876, No. 33.

This was an action of ejectment, brought by William Thompson against George Thompson and Jane his wife, to obtain possession of a lot of ground in the city of Allegheny.

The facts were these: On the 22d of March 1866, Robert C. Wilson and wife conveyed to Jane Thompson, one of the defendants, the lot in dispute.

The amount paid for the lot was $1425, which was paid in cash at the time of the execution and delivery of the deed. Of this amount, George Thompson paid $925 of his own funds and borrowed the remaining $500 from William Thompson, the plaintiff, at whose instance and advice the lot was bought, and who was present at the execution of the deed and was one of the subscribing witnesses. At the time this deed was made to his wife, George Thompson had no

other indebtedness than this to William, for which he gave a bond. There was no evidence that he was possessed of any other property.

The deed was recorded on the 2d of February 1867. George made payments on account of this $500 up to July 5th 1870, when it was reduced to $187. On that day he borrowed from William $600 more and gave him a judgment note, which included the $600, together with a due bill for $51 and the $187, the balance of the original indebtedness. Judgment was subsequently entered on this note, and under that judgment the lot in question was sold, William Thompson becoming the purchaser, who brought this ejectment.

The defence was, that the lot was the separate property of Jane Thompson, the wife of George, and that plaintiff, by his purchase of the interest of the husband, acquired no title, and that having signed his name as a witness to the deed, and having knowledge of the conveyance to Jane Thompson, he was estopped from denying her title.

On the trial before Sterrett, P. J., the defendants submitted the following points :—

1. Defendants ask the court to charge, that the indebtedness of 1866 was paid by the judgment bond of July 5th 1870, which latter bond made an entirely new indebtedness, accruing four years subsequent to the purchase from Wilson et ux.

2. That if the jury believe from the evidence that the plaintiff knew of the conveyance to Jane Thompson, and loaned the money to George Thompson, then the plaintiff accepted George Thompson individually as creditor, without reference to the property.

3. That if the jury believe that the plaintiff knew of the conveyance to Jane Thompson, and loaned his money to George Thompson, he is estopped, and defendant is entitled to recover.

4. That his signature as witness to deed is some evidence of knowledge on part of plaintiff.

The court refused all these points and instructed the jury to find for plaintiff, which was accordingly done, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The defendant took this writ, and assigned for error the refusal of the foregoing points and the instruction of the court.

*Samuel C. Schoyer*, for plaintiffs in error.—It was for the jury to say from the evidence in the case whether plaintiff had knowledge, and loaned his money to the husband for the purpose of completing the gift or conveyance to the wife, and if they believed the evidence, plaintiff was estopped from denying the wife's title : French v. Mehan, 6 P. F. Smith 286. The deed was recorded February 2d 1867, and at date of judgment note had been recorded three years, and plaintiff therefore had record notice and it is presumed acted upon it. To divest the title of the wife by this sale, it is necessary to show that the husband was indebted at the time

of purchase and that he took the conveyance to his wife to defraud . and hinder creditors: French *v.* Mehan, *supra;* Williams *v.* Davis, 19 P. F. Smith 28. The fact that the property conveyed to the wife was all the husband owned, was immaterial: Nippes's Appeal, 25 P. F. Smith 472. The questions as to the wife's title were for the jury. The binding direction was error where there was a question for the jury: Strohl *v.* Levan, 3 Wright 177.

*J. W. Kirker,* for defendant in error.—Where property is claimed by a married woman against the creditors of her husband, she must show by evidence which does not admit of a reasonable doubt, either that she owned it at the time of her marriage, or else acquired it afterwards by *gift, bequest or purchase;* in case of a purchase after marriage, the burden is upon her to prove distinctly that *she* paid for it with funds which were not furnished by her husband: Gamber *v.* Gamber, 6 Harris 366; Keeney *v.* Good, 9 Id. 355; Raybold *v.* Raybold, 8 Id. 311; Walker *v.* Reamy, 12 Casey 410; Winter *v.* Walker, 1 Wright 156; Aurand *v.* Schaffer and Wife, 7 Id. 363; Tripner *v.* Abrahams, 11 Id. 220; Baringer *v.* Stiver, 13 Id. 129; Flick *v.* Devries, 14 Id. 266; Hause *v.* Gilger, 2 P. F. Smith 412; Curry *v.* Bott, 3 Id. 400; Bower's Appeal, 18 Id. 126. The signature of an attesting witness to a deed does not import a knowledge of its contents. The attesting witness simply vouches for the genuineness of the signature of the grantor, and no other inference can be drawn from it.

Mr. Justice WOODWARD delivered the opinion of the court, October 23d 1876.

When George Thompson procured the conveyance to be made by Wilson to Mrs. Thompson he owed no debts, and nothing appeared on the trial to show that he was about to enter into any hazardous business or to contract any fresh obligations. Doing no act indicating an intention to defraud creditors, it was competent for him to settle the land in controversy on his wife. And his right to do this was not affected by the bare fact that he borrowed $500 to pay on account of the purchase-money from William Thompson, the plaintiff below, at the time of the execution of the deed. In Williams *v.* Davis, 19 P. F. Smith 21, land subject to a purchase-money mortgage given by a husband had been conveyed to a wife. It was held that this was not such a debt as to render the conveyance void against subsequent creditors. The same point was ruled in Nippes's Appeal, 25 P. F. Smith 472. In the last case it was said, that in the absence of proof of any fraudulent intention, the fact that the land conveyed was all the property the husband had, was immaterial. If the plaintiff lent his money with full knowledge that the deed had been executed to Mrs. Thompson, the land in her hands could not be made liable for the debt her husband had incurred in conse-

[Thompson v. Thompson.]

quence of his subsequent inability to pay. The loan was to the husband, and if the plaintiff knew he had no title, it was upon his personal credit and not on the credit of the property. On the other hand, if the money was lent in ignorance of the true nature of the transaction, and in the belief on the plaintiff's part that the deed of Wilson and his wife had been made to George Thompson, he had the right to pursue the land. To permit the wife to hold it relieved from a claim for a portion still due and unpaid of the original purchase-money which the plaintiff had advanced under a mistake in regard to the ownership, would be the sanction of a fraud.

On the trial the defendants alleged that the plaintiff was aware of all the facts. There was evidence that he was present when the deed was executed. The contract to buy had been made in pursuance of his advice. George Thompson swore that he handed him the deed before it was signed, with a request that "he would look at it to see if it was all right." And his name appears as a subscribing witness to its execution. The last three assignments of error raise in substance a single question. The court had been asked to instruct the jury, that if they should believe from the evidence that the plaintiff knew of the conveyance to Jane Thompson, and lent the money to George Thompson, then the plaintiff accepted George Thompson individually as his debtor, without reference to the property; that upon such facts he would be estopped; and that his signature as witness to the deed was some evidence of knowledge on his part. The instructions asked were refused, and a verdict in favor of the plaintiff was peremptorily directed. All these points should have received an affirmative answer. In French v. Mehan, 6 P. F. Smith 286, land had been conveyed in 1828 to a husband and wife as joint tenants. The grantor at the time held a bond against the husband for which a judgment had been recovered in 1832. Under that and other judgments the land had been sold in the husband's lifetime. After the husband's death the wife brought ejectment, and it was held that she was entitled to recover. Judge WILLIAMS, in charging the jury on the trial in the District Court, said: "It has not been shown that the husband, at the date of the purchase, owed any other debt than the one to Dickerson, the grantor of the land, and it can hardly be presumed or inferred that the deed was made to the wife for the purpose of hindering and delaying the grantor in the collection of the debt due by the husband. It seems to me that both he and the purchaser under the judgment obtained by him for such indebtedness, would and ought to be estopped from making any such allegation." The judgment was affirmed on the grounds stated by Judge WILLIAMS. The fact of knowledge was denied by the plaintiff. He said he first discovered that the deed had been made to Mrs. Thompson during the winter before the trial. The question rested on the evi-

[Thompson *v.* Thompson.]

dence of the witnesses, and could be settled legitimately only by a verdict.   The court should have referred it to the. jury.

The first point of the defendant was properly refused.   In the bond which was given by George Thompson on the 5th of July 1870, a balance of $187 remaining due on the note of 1866 for $500 was included.   If the plaintiff remained in actual ignorance of the conveyance to Mrs. Thompson until 1875, he was not estopped from asserting his claim against the land by his acceptance of the bond.

Judgment reversed, and *venire facias de novo* awarded.