## Thompson *versus* Allen.

1. A conveyance of real estate by a husband directly to his wife by way of gift, if not in fraud of the husband's creditors, will be sustained on equitable principles.

2. In such case it is immaterial that the property so conveyed is all or the greater portion of the husband's property.

March 15th 1883. Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett and Green, JJ. Clark, J., absent.

Error to the Court of Common Pleas of *Bradford county :* Of January Term 1883, No. 125.

Ejectment, by Norman C. Thompson against Emily Allen and Almanzo B. Allen, to recover a tract of land situate in the township of Albany. Plea, not guilty.

On the trial, before Morrow, P. J., the following facts appeared : Both plaintiff and defendant claim title to this tract of land under Almanzo B. Allen, who was seised thereof in fee simple prior to April 6th 1871, the plaintiff founding his claim upon a sheriff's sale made September 6th 1878, on a judgment against said Allen, at which sale he had bought in the property ; the defendants upon a deed from Almanzo Allen to Emily, his wife, bearing date April 6th 1871, and executed under the following circumstances : The Allens, prior to its execution, had removed to Illinois. Domestic difficulties having arisen

[Thompson *v.* Allen.]

between them, they verbally agreed, on March 30th 1871, to separate and live apart. The wife was permitted to take with her a team of horses, wagon and harness valued at $240, on the condition that if the husband ever wished to reclaim them, he could do so on conveying to the wife the land in controversy. Several days thereafter, Almanzo B. Allen did reclaim the property, and on April 6th 1871, executed the deed in question, which was recorded in Bradford county a few weeks after. At the time of this conveyance, Almanzo B. Allen was neither indebted to any one, nor was the conveyance made in contemplation of incurring any indebtedness.

The Allens lived apart for only a few months, becoming reconciled in July 1871. On July 24th 1872, Almanzo B. Allen gave the plaintiff his note for a debt contracted on that day, which matured October 1st 1874, and upon which judgment was entered for $216.80 to September Term 1876. Upon this judgment the property was sold at sheriff's sale, bought in by the plaintiff, and this suit brought to recover the land under the sheriff's title.

The plaintiff presented the following points :

1. That the deed from A. B. Allen to his wife, Emily Allen, being void at law, there must be some meritorious or valuable consideration either before or after marriage to induce the court to lend its aid to said deed.

Answer. Denied. A husband may make a deed to his wife as a gift, and if no third persons can intervene, the deed would be valid and good as between them. (First assignment of error.)

3. Equity will not assist the husband to impoverish himself for the sake of his wife. To do so, would be to injure his credit, and to act unfairly towards those who might afterwards become his creditors.

Answer. Denied. If the conveyance is in good faith, and with no intent to hinder, delay or defraud the husband's creditors, such conveyance may be good and valid as between them. (Third assignment of error.)

5. If the jury believe the agreement between Emily Allen and her husband, A. B. Allen, by which she took the personal property of her husband and retained it in her possession for two or three days only, and then delivered it back to him, and subsequently received the deed from him, was made in contemplation of a separation between them, and a separation took place which existed for a short time only, and afterwards they came together again, since which time they have lived together as man and wife, then this reconciliation terminated the said agreement.

Answer. Denied. (Fifth assignment of error.)

[Thompson *v.* Allen.]

The court charged the jury, inter alia, as follows : "It is true that, at common law, a deed from a husband directly to his wife, was void, and that for the reason that they were considered one person in law, and it could have no more effect than if you convey your farm to yourself. But since the Act of 1848, relating to the separate property and rights of married women, they have the right to hold all their own property independent of and separate from their husband's control, if they see fit; at least he cannot convey it away or encumber it, and even if he would get possession of her personal property it would not be absolutely his, as between them. She might follow it, as against him, if there were no rights of creditors intervening. [Therefore, if you find that Allen conveyed his land to his wife on the 6th day of April 1871, the date of this deed, and was free from debt, and it was done in good faith, with no intention to hinder, delay or defraud future creditors, upon debts that might be incurred in hazardous undertakings ; and if you also find that, in consideration of their living apart, he set apart to her the horses, wagon and harness, under the agreement that if he took it back he would convey to her this land —then the plaintiff cannot recover. Mrs. Allen can hold the land under that deed.] (Ninth assignment of error.) Even at common law in Pennsylvania, before the Act of 1848, while the law itself made a deed between husband and wife void, equity would interfere but would allow her to hold a reasonable part of his property, where the question of creditors did not intervene. [Thompson here claims to be a creditor. The evidence shows that he was not a creditor until more than a year after the conveyance. If so, and Allen was out of debt, was there anybody for him and his wife to intend to defraud ? If not, I think he may give his property to his wife, and nobody can intervene except creditors existing at the time, if the deed is made in good faith, and not with the expectation of going into hazardous undertakings, by which debts may be incurred.] (Tenth assignment of error.)

If you fail to find that the horses were delivered to her upon the agreement of separation, and that she was to re-deliver them to him, and if he took them back he was to convey to her this land ; if you find that the conveyance was not made in good faith and honestly, but was for the purpose of hindering, delaying and defrauding creditors—then the plaintiff would be entitled to your verdict. He could hold the land if such was the intention of the parties. [It seems that they lived there for several years after the deed was given, and Allen did get in debt. But in order to affect Mrs. Allen, the intention and purpose must have been dishonest when she took the deed. Is there anything to show that she knew that he would become

[Thompson *v.* Allen.]

indebted to any persons a year or two after that? If not, then it would have a tendency to show the good faith of the transaction between them.]" (Eleventh assignment of error.)

Verdict for the defendants, and judgment thereon. The plaintiff took this writ of error, assigning for error the answers to his points and the portions of the charge enclosed in brackets.

*Rodney A. Mercur*, for the plaintiff in error.—A conveyance from a husband to a wife is absolutely void at common law. While equity will aid in its enforcement, it will do so only when the grant to the wife is nothing more than a reasonable provision for her, taking the circumstances of the husband into consideration. Equity therefore will not permit a husband to impoverish or denude himself of all his property. The settlement must be a reasonable one. To do otherwise would be to injure his credit, and to act unfairly to his subsequent creditors. It would permit him to put his property in his wife's name and thus enjoy its fruits freed from its liabilities: Benedict *v.* Montgomery, 7 W. & S. 242; Herr's Appeal, 5 W. & S. 494; Townshend *v.* Townshend, 1 Abb. New Cases 81; Hunt *v.* Johnson, 44 New York 27; Lucas *v.* Lucas, 1 Atkyns 270; Graham *v.* Londonderry, 3 Atkyns 393; Shepard *v.* Shepard, 7 Johns. Chan. R. 61; Walter *v.* Hodge, 2 Swanst. 106; Slanning *v.* Style, 3 P. Wms. 337; McLean *v.* Longlands, 5 Vesey 78; Willson *v.* Peck, Prec. Ch. R. 295, 297; Tyler on Infancy and Coverture, § 361; Husbands on Married Woman, § 19; Townsend *v.* Maynard. 9 Wright 200.

The cases cited by counsel for defendant in error were where the gift was either through the intervention of a third party or the conveyance was made through a trustee. They have, therefore no application.

When parties to an agreement for separation become reconciled, the latter becomes of no effect; and such an agreement binds the public only so long as parties live separate: Rogers *v.* Rogers, 4 Paige 516; Morgan *v.* Potter, 17 Hun 403; Hitner's Appeal, 4 P. F. S. 114.

*Williams* (with whom was *Angle*), for the defendants in error.—A husband who is not in debt, nor contemplating incurring any indebtedness nor engaging in any hazardous business can give to his wife all his property and that without the intervention of a trustee. Even if he is in debt, if he reserves enough to meet his then existing obligations, he can give the residue to his wife. A contract of separation is annulled by a subsequent reconciliation, only to the extent that it remains un-

[Thompson *v*. Allen.]

executed. This contract, if contract it be and not a gift, was entirely executed.

Chief Justice MERCUR delivered the opinion of the court, March 26th 1883.

It is true a deed from a husband directly to his wife is a nullity at common law. Under modern legislation and the application of equitable principles, a wide departure has been made from the common law, in respect to the ability of a wife to acquire and hold property. Her right of acquisition and power of control is not restricted to property obtained from one not her husband. When not in fraud of creditors of the husband a conveyance from him directly to his wife may be sustained on equitable principles : Coates et al. *v*. Gerlach, 8 Wright 43 ; Townsend et al. *v*. Maynard, 9 Id. 198 ; Pennsylvania Salt Manufacturing Co. *v*. Neel, 4 P. F. Smith 9 ; Rose *v*. Latshaw, 9 Norris 238.

A husband may not only convey directly to his wife for a valuable consideration : but he may also convey to her as a gift when not prejudicial to his creditors.

The main effort here, appears to have been to sustain the conveyance as a sale and purchase for a valuable consideration. Conceding that the subsequent failure of consideration which led to the conveyance, weakens this branch of the defence, yet if the conveyance can be sustained without the aid of the original transaction, it may be valid as a gift.

This conveyance is attacked by one who was not a creditor of the husband when it was made. The evidence does not show that he was indebted to any person at that time. The debt under which the plaintiff claims was contracted more than a year thereafter. When the deed was made he had no creditor to defraud. The jury have found that it was made in good faith with no intention to hinder, delay, or defraud future creditors, on debts arising from hazardous undertakings. Under these facts he had a right to convey the land as a gift to his wife. She took and may hold it against the claims of all creditors who were neither defrauded nor intended to be defrauded by the conveyance. It matters not that this land was all the real estate he owned, and a large proportion in value of all his property. The conveyance being under seal implies consideration. The assertion of title by the wife against the subsequent creditors of her husband is no evidence of fraud in her prior acquisition of the property. The case was well tried and we discover no error in the record.

Judgment affirmed.