## Westmoreland Guarantee Building & Loan Association v. Thomas.

*Husband and wife—Deed—Conveyance to wife—Subsequent creditor—Fraud.*

A husband who is not in debt and is not contemplating entering into a hazardous business may convey his property to his wife, and subsequent creditors have no grounds for complaining of such conveyance.

Argued Oct. 30, 1903. Appeal, No. 98, Oct. T., 1903, by F. E. McGillick, from order of C. P. No. 3, Allegheny Co., Nov. T., 1901, No. 78, sustaining exceptions to auditor's report in case of Westmoreland Guarantee Building & Loan Association v. David Thomas. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of Alvin C. Spindler, Esq., auditor.
McCLUNG, J., found the facts to be as follows:
About 1892 or 1893 the Penn township property was purchased, and probably in 1895 (the date of the deed is not given in the report, but it was not later than this) it was conveyed by the party from whom it was purchased, to Margaret Thomas, wife of David Thomas.

Commencing before the deed was delivered a house was built upon this property.

October 18, 1897, Thomas and wife gave a judgment bond secured by mortgage on this property for $4,400 to the Iron

City Deposit & Loan Association; and on June 2, 1898, a like bond to the same party secured by a second mortgage on this property.

In February or March, 1900, David Thomas purchased the Larimer avenue property, the proceeds of which constituted the fund for distribution.

June 4, 1900, the Iron City Deposit & Loan Association entered up the two judgment bonds for $4,400 and $400. (These are the judgments to which the fund was awarded and which the auditor reports should be marked to the use of the mechanic's lien creditors.)

August 14, 1900, David Thomas made a contract with McGillick for the erection of eight brick houses on this Larimer avenue property.

Work was commenced September 20, 1900. Four houses were finished by May 1, 1901. The other four were partially built when, by reason of Thomas's failure to pay, work upon them ceased.

June 5, 1901, McGillick filed a mechanic's lien for $8,251.70. Subsequently a number of his subcontractors and material men also filed liens.

The Larimer avenue property was sold November 8, 1901, upon a judgment and in favor of the Westmoreland Guarantee Building & Loan Association, whose lien was admitted to be prior to that of the Iron City Deposit & Loan Association and the mechanic's lien creditors. This lien was paid out of the proceeds of sale by consent, and the present controversy is over the balance which seems to be just about sufficient to pay the Iron City Deposit & Loan Association judgments.

There is no specific finding to this effect but we assume that the debt to the Iron City Deposit & Loan Association, for which the judgment bonds secured by mortgages were given, was the debt of David Thomas, not of Margaret Thomas. The matter is discussed upon this assumption by the auditor and by the counsel concerned.

There is no evidence that at that time the Penn township property was conveyed to Mrs. Thomas, David Thomas was in debt or was contemplating entering into any business from the the hazards of which he desired to protect this property. The testimony shows affirmatively that the indebtedness to the Iron·

City Deposit & Loan Association was not incurred for several years after this transaction was closed, and that the indebtedness to McGillick arose five years after it.

The court after finding the facts as above and citing Thompson v. Allen, 103 Pa. 44, Roberts's App., 85 Pa. 84, Earnest's App., 106 Pa. 310, and John's App., 102 Pa. 59, sustained exceptions to the auditor's report.

*Error assigned* was the order of the court.

*A. B. Reid*, with him *A. V. D. Watterson*, for appellant.— The burden is upon Mrs. Thomas to establish by competent evidence the possession of a sufficient separate estate out of which she purchased the Penn township property: Gamber v. Gamber, 18 Pa. 363; Keeney v. Good, 21 Pa. 349; Jack v. Kintz, 177 Pa. 571; Bollinger v. Gallagher, 170 Pa. 84; Eavenson v. Pownall, 182 Pa. 587; Taylor v. Paul, 6 Pa. Superior Ct. 406.

The cases in which the presumption of a gift will arise when the rights of creditors may be involved, it seems to us are those where nonindebtedness of the husband has first been made to affirmatively appear, and that when it does not thus appear, the old rules raise the presumption that the purchase was with the money of the husband, as laid down in Jack v. Kintz, 177 Pa. 571, and other cases must prevail.

*A. L. Large*, with him *Charles Large* and *George W. Flowers*, for appellees.—A postnuptial settlement on a wife by her husband not indebted at the time is good against subsequent creditors, if not made with a fraudulent intent as to them. Such a settlement although void as against existing creditors does not even raise a suspicion of fraud as against creditors whose debts had no existence when it was made: Best v. Smith, 193 Pa. 89; Harlan v. Maglaughlin, 90 Pa. 293; William v. Davis, 69 Pa. 21; Townsend v. Maynard, 45 Pa. 198; Snyder v. Christ, 39 Pa. 499; Greenfield's Estate, 14 Pa. 489.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1904:

The learned trial judge has stated all the facts essential to the determination of the case. He held that the testimony

did not support the finding of the auditor that David Thomas was the actual owner of the Penn township property and that, for this reason, the order of subrogation should not be made. The argument of the counsel for the appellant is devoted principally to this question and they concede that if it is determined against him it is decisive of the case.

The property was purchased by agreement in 1892 or 1893, a house was erected thereon and in January, 1895, it was conveyed by deed to Mrs. Thomas. In October, 1897, Thomas and his wife gave a judgment bond secured by a mortgage on the property for $4,400 to the Iron City Deposit & Loan Association; and in June, 1898, they gave another judgment bond to the association secured by mortgage on the property for the payment of $600. Subsequently, on June 4, 1900, judgments were entered against Thomas on both bonds. The indebtedness was created at the dates of the respective bonds and mortgages. The Larimer avenue property was purchased by Thomas in February, 1900, and conveyed to him by deed in the following September. The indebtedness due F. E. McGillick, the appellant, was for work done and materials furnished subsequent to September 20, 1900, in the erection of certain houses on the Larimer avenue property under a contract with Thomas, and for which the appellant filed a mechanic's lien against the property. This property was sold November 8, 1901, by the sheriff upon a judgment in favor of the Westmoreland Guarantee Building & Loan Association, and the proceeds of sale were applied in payment of liens having priority over the appellant's claim. He now alleges that, notwithstanding the record title is in Mrs. Thomas, her husband is the actual owner of the Penn township property, and asks the court to enter a decree subrogating his lien to the rights of the Iron City Deposit & Loan Association, the party to whom the fund for distribution arising from the sale of the Larimer avenue property was awarded.

In his opinion on the exceptions to the auditor's report, the learned trial judge finds : " There is no evidence that at the time the Penn township property was conveyed to Mrs. Thomas, David Thomas was in debt or was contemplating entering into any business from the hazards of which he desired to protect this property. The testimony shows affirmatively that the in-

debtedness to the Iron City Deposit & Loan Association was not incurred for several years after this transaction was closed and that the indebtedness to McGillick arose five years after it." In these conclusions as to the effect of the evidence we entirely agree with the court below and, applying the law to the facts of the case, the auditor was clearly in error in holding that David Thomas was the real owner of the Penn township property. In January, 1895, when the property was conveyed to Mrs. Thomas, the debts of the association and of the appellant had no existence, nor is there a particle of evidence, as suggested by the court, that at that time Thomas anticipated either becoming indebted to these parties or entering into any business, hazardous or otherwise. The fact is that it was nearly three years after the date of the conveyance that he contracted any debt whatever and that was to the Iron City Deposit & Loan Association. He promptly secured that by a mortgage on the premises conveyed to Mrs. Thomas. The indebtedness of the appellant was for the improvement of the Larimer avenue property which was not purchased by Thomas until more than five years after the Penn township property had been acquired by Mrs. Thomas. Under these facts, therefore, the suggestion that the deed to Mrs. Thomas was made in anticipation of Thomas incurring an indebtedness either to the Iron City Deposit & Loan Association or to McGillick is incredible and absurd. So far as the evidence discloses the conveyance to Mrs. Thomas was a bona fide transaction, clear of fraud or any fraudulent intent as to any existing or future creditor of her husband. No then existing creditor is here attacking it, and the appellant has shown no ground whatever why he should be permitted to do so.

The law applicable to the facts of this controversy is now well settled by numerous decisions of this court. "It does not follow," says GORDON, J., in Monroe v. Smith, 79 Pa. 459, "that because a deed is voidable as to existing creditors, by reason of the grantor's fraud, it is therefore voidable as to subsequent creditors; for it is bad only to those whom it is intended to defraud. It is true there are cases where the fraudulent intent may be construed to extend to future creditors, as where the grantor, at the time of the execution of the deed, has entered into, or is about to enter into some hazardous business,

which necessarily does or will involve the capital, credit or labor of others. Under ordinary circumstances, however, such a presumption cannot arise." This case is followed in Harlan v. Maglaughlin, 90 Pa. 293, where the same learned judge speaking for the court says : " If a man is in debt, he may not give away his property until he has paid or provided for such debt; the reason for this is found in the principles of common honesty. If he contemplates future indebtedness, he must, for a like reason, provide for it, but he must not provide for what he does not anticipate, and for what may never occur. And if, without concealment, a man chooses to give away all his estate, or settle it upon his wife and children, what right has a subsequent creditor to complain? It did him no harm; he gave the grantor no credit because of such property; he is, therefore, neither cheated nor impoverished by such gift." In the very recent case of Best v. Smith, 193 Pa. 89, DEAN, J., delivering the opinion says: "In this last case (Harlan v. Maglaughlin), Justice GORDON delivered the opinion of the court; he thoroughly discusses the subject and clearly points out the distinction between a lawful settlement under the statute of 13th Elizabeth and a fraudulent one, citing almost all the authorities in this state bearing on the subject, and emphatically announcing the conclusion of the court that a subsequent creditor can only avail himself of a fraud practiced against him; that a deed void as against existing creditors did not even raise a suspicion of fraud as against creditors whose debts had no existence when it was made."

Here, as the court has found on sufficient evidence, Thomas at the time of the conveyance of the Penn township property was not in debt or contemplating entering into any hazardous business, and could, therefore, convey his property to his wife with or without a consideration. But if it be conceded, as claimed by the appellant, that Thomas was indebted at the time the Penn township property was conveyed to his wife, it would simply render voidable the deed as to his then existing creditors and not as to the appellant, whose debt was incurred five years later, there being no testimony to justify an inference that he at that time anticipated incurring any indebtedness or entering into any business whatever.

The conclusion of the learned judge of the court below on

the question conceded to be decisive of the case is fully jus-
tified by the law and the facts, and the decree is therefore
affirmed.