# Buckwalter Stove Co. *v.* Edmonds, Appellant.

*Husband and wife—Gift — Deed in wife's name — Payment of mortgage by husband.*

1. Where a solvent husband buys land and takes title thereto in the name of the wife, it is presumed to be a gift from him to her, and vests in her both the legal and equitable title.

2. Such a conveyance is valid except as to existing or contemplated creditors.

3. If the creditors assert that the wife holds the property as trustee for them, they must show that such trust arose at the inception of the title.

4. Where the husband became a joint obligor with his wife in a mortgage created when the title was taken in her name, a subsequent payment of the mortgage by the husband from his own funds will not raise a resulting trust in favor of creditors. The debt was his own and, in paying it, he could prefer one creditor to another, even if he were in failing circumstances.

5. If the wife, subsequent to the payment of the mortgage, exchanges the property for another, creditors can claim no interest in the second property.

6. Creditors of an insolvent debtor who, while such, has expended his money in the improvement or relief of his wife's real estate, may in a proper case have relief in equity, but they cannot issue execution and sell the land as that of the husband and recover possession in an action of ejectment.

*Ejectment—Legal ejectment—Conditional verdict.*

7. In a legal ejectment, as distinguished from an equitable ejectment, there can be no conditional verdict.

Argued March 23, 1925. Appeal, No. 54, March T., 1925, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1916, No. 2169, on verdict for plaintiff, in case of Buckwalter Stove Co. v. Ella G. Edmonds. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Ejectment for land in Pittsburgh. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for the land and 6¼ cents damages and costs, on which judgment was subsequently entered for 25/95 of the land for defendant, and 70/95 of the land for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant for the whole of the land n. o. v., quoting record.

*John M. Freeman,* of *Watson & Freeman,* with him *Albert C. Hirsch,* for appellant.—As the $7,000 paid by the husband went to extinguish a valid antecedent debt for which the husband was liable, it was not in any sense a voluntary payment and cannot be attacked as a fraud on creditors: Snayberger v. Fahl, 195 Pa. 336; Werner v. Zierfuss, 162 Pa. 360; Penn Plate Glass Co. v. Jones, 189 Pa. 290.

Plaintiff's action is based upon a sheriff's deed and is therefore strictly a legal ejectment, as distinguished from an equitable ejectment. The principles of equitable ejectment do not apply, and the plaintiff must therefore recover the entire title or none, and the court below had no power to enter a judgment partly in favor of plaintiff and partly in favor of defendant, basing it upon apparent equitable considerations: Conley v. Bentley, 87 Pa. 40; Littieri v. Freda, 241 Pa. 21.

The court below clearly erred in holding that the payment by the husband of $7,000 on account of the mortgage on the Harriet Street property gave to him or his creditors a corresponding pro rata interest in the title to the Rippey Street property: Earnest's App., 106 Pa. 310; Gassner v. Gassner, 280 Pa. 313; Klenke's Est., 210 Pa. 575; Buckley v. Buckley, 277 Pa. 215; Nixon's App., 63 Pa. 279; Silliman v. Haas, 151 Pa. 52; Conley v. Bentley, 87 Pa. 40.

In any event, the question of the husband's solvency in 1912, when the gift of the $7,000 was made to the wife,

was clearly a question for the jury, and not for the court, under the evidence submitted.

*Walter Lyon,* with him *Herbert R. Hahn,* for appellee. —Where property is claimed by a married woman, she must show by evidence which does not admit of a reasonable doubt, either that she owned it at the time of her marriage, or else acquired it afterwards by gift, bequest, or purchase: Gamber v. Gamber, 18 Pa. 363; Bear v. Bear, 33 Pa. 525; Kenney v. Good, 21 Pa. 349; Taylor v. Paul, 6 Pa. Superior Ct. 496; Curry v. Bott, 53 Pa. 400; Jack v. Kintz, 177 Pa. 571; Shaver v. Mowry, 262 Pa. 381.

The burden of proof being upon defendant, she not only admitted that the money paid was obtained from her husband, but the evidence clearly was that her husband's liabilities exceeded his assets: Aurand v. Schaffer, 43 Pa. 363; Pier v. Siegel, 107 Pa. 502.

OPINION BY MR. JUSTICE WALLING, April 13, 1925:

In 1894, the defendant, Ella G. Edmonds, was married to R. E. Edmonds, at Buffalo, New York, and four years later removed to Pittsburgh where they have since resided and where Mr. Edmonds has been continuously engaged in business. In 1901 he bought a home on Harriet Street for $10,000, taking title thereto in the name of his wife. He paid $2,500 thereon and they gave a joint bond and mortgage for the balance. Edmonds was then perfectly solvent and not engaged or about to engage in any hazardous business. In April, 1912, Edmonds gave his wife $7,000 to pay on the bond and mortgage, which she did, leaving an unpaid balance of $500, subject to which she then exchanged the Harriet Street property for a house and lot on Rippey Street, the latter being subject to a mortgage of $5,000, and the title thereto being taken in the name of Mrs. Edmonds. Plaintiff is a Pennsylvania corporation located at Norristown and Edmonds is and, since about 1906, has been its sales

agent in Pittsburgh. In 1915 Edmonds separated from his wife and children and about the same time two judgments amounting to approximately $10,000 were entered against him, in favor of the plaintiff on notes containing warrants of attorney. By executions issued thereon, the Rippey Street property was seized, in the fall of 1915, and sold by the sheriff to plaintiff, as Edmond's property; thereupon this action of ejectment was brought. Plaintiff averred and offered evidence tending to prove that Edmonds was insolvent in 1912 and that payment of the $7,000 was invalid as tending to hinder and delay creditors, of which it was one, and that as to them, he was the equitable owner of the Rippey Street property. The trial judge directed a verdict for plaintiff for the land at issue; but later the court in banc entered judgment in its favor for seventy ninety-fifths of such land and therefrom defendant has appealed.

The judgment cannot be sustained. Where as here a solvent husband buys land and takes title thereto in the name of his wife it is presumed to be a gift from him to her (Gassner v. Gassner, 280 Pa. 313; Guarantee B. & L. Assn. v. Thomas, 207 Pa. 513; Earnest's App., 106 Pa. 310; Bowser v. Bowser, 82 Pa. 57; Townsend v. Maynard, 45 Pa. 198; and see Thompson v. Allen, 103 Pa. 44; Thompson v. Thompson, 82 Pa. 378; Nippes's App., 75 Pa. 472), and vests in her both the legal and equitable title. In other words, a husband's post-nuptial settlement of property upon his wife is valid except as to existing or contemplated creditors: Best v. Smith, 193 Pa. 89. Furthermore, the case must be judged as it was when the legal title vested: Shaver v. Mowry, 262 Pa. 381; United States v. Mertz, 2 Watts 406. It follows that the title to the Harriet Street property vested in Mrs. Edmonds in 1901 as her own. Had her husband then been insolvent she would have held the title as trustee for his creditors, who could have sold it as his at sheriff's sale and recovered possession by an action of

ejectment. But such trust must arise at the inception of the title (Carr v. Fagan et al., 278 Pa. 587; Turney v. McKown, 242 Pa. 565; McCloskey v. McCloskey, 205 Pa. 491; Nixon's App., 63 Pa. 279), and for reasons above stated it did not as to the Harriet Street property. A subsequent payment of purchase money will not raise a resulting trust: Musselman v. Myers et al., 240 Pa. 5; Barnet v. Dougherty, 32 Pa. 371. Had Mrs. Edmond's ownership of the Harriet Street property continued and had it been sold by the sheriff in 1915, on the executions above mentioned, it is clear the purchaser thereat would have acquired no title, and by the exchange she acquired a like ownership of the Rippey Street property.

Edmonds was joint maker of the bond and mortgage given for the Harriet Street property and his estate, real and personal, could have been taken to satisfy the bond: Pier v. Siegel, 107 Pa. 503, 508. Therefore, when he turned over the $7,000 to apply thereon he was paying a debt for which he was individually liable, and it is familiar law that a debtor in failing circumstances may prefer one creditor to another (Snayberger v. Fahl, 195 Pa. 336; Candee & Co.'s App., 191 Pa. 644; Penn Plate Glass Co. v. Jones, 189 Pa. 290; Werner v. Zierfuss, 162 Pa. 360), and may even prefer his wife where her claim is valid: Benson and West v. Maxwell, 105 Pa. 274; Wingerd v. Fallon, 95 Pa. 184; Dalley's Est., 13 Pa. Superior Ct. 506. In the exercise of such right he may pay a claim for which he is surety. "His [the debtor's] right to prefer is not limited to claims which could be legally enforced, or on which his liability has become absolute. A contingent liability may be a sufficient basis for a preference. So an indorser of a note is contingently liable to the holder thereof and may secure him by a confession of judgment, and the liability of a surety on an unmatured obligation is a lawful debt, claim or demand which will warrant a preference": 12 R. C. L. p. 576. We do not intimate that Edmonds occupied the position of surety, but treating him as such and as in-

solvent, his creditors might perhaps have asked for subrogation, or sought relief in equity; but a surety, on paying an obligation given by the principal as part consideration for property bought, does not thereby become part owner of the property. The creditors of an insolvent debtor who, while such, has expended his money in the improvement of his wife's real estate, with her consent, may in a proper case have relief in equity (see Curtis & Co. v. Olds, 250 Pa. 320) but cannot sell the land as that of the husband and recover possession in an action of ejectment. The trial court recognized Mrs. Edmonds' equity in the Harriet Street property to the extent of the $2,500 her husband paid thereon in 1901, but erred in concluding that the payment by him of the $7,000 on the bond and mortgage in 1912 vested in his creditors a title to seventy ninety-fifths of the Rippey Street property. The most they could claim from Mrs. Edmonds, or her property, under any possible theory, would be the $7,000 and interest thereon. See Karstorp's Est., 158 Pa. 30; Barto's App., 55 Pa. 386. Otherwise they might recover land on which she had expended large sums of her own money, as appellant suggests is the case here.

Moreover, the title plaintiff acquired at the sheriff's sale, if any, was a legal title and this is a legal, as distinguished from an equitable, ejectment; hence, there cannot be a conditional verdict (Littieri v. Freda, 241 Pa. 21), otherwise it might be suggested that plaintiff could recover a conditional verdict to be released on payment of the $7,000 and interest.

Mr. Edmonds was in 1912 and still is doing a large business and there is nothing to indicate that he or his wife intended any injury to other creditors by the $7,000 transaction, or that either was guilty of any actual fraud or bad faith. The evidence as to his solvency at that time was conflicting, and that question, if controlling, which in our opinion it was not, should have been sub-

mitted to the jury. It is not necessary to consider the other assignments of error.

The judgment is reversed and is here entered for the defendant non obstante veredicto.