## York, Guardian, v. Scranton Lackawanna Trust Company et al.

*George L. Peck*, for petitioner; *David W. Phillips*, for respondent.

LEACH, J., May 18, 1932.—In December, 1887, Alphenus Franklin Rickert received a deed for lot No. 26 and lot No. 21 of William Swetland's plot of lots in the Borough of Hyde Park, now part of the City of Scranton. In January, 1911, the said Rickert and Martha, his wife, made a deed for the same property to themselves. Martha afterwards died before Alphenus, leaving her husband and four children. Alphenus married again and has since died, leaving to survive him his second wife and the four children by his first wife. The question that is proposed by the declaratory judgment is whether or not the deed from Alphenus Franklin Rickert and Martha, his wife, to themselves as husband and wife conveyed an estate by entireties. It is well settled that a husband may convey directly to his wife, and the deed is good if no fraud upon creditors is perpetrated thereby: Robey on Real Estate, 29, citing Reagle et al. v. Reagle, 179 Pa. 89; Mitchell v. Phillips, 236 Pa. 311; see, also, Bedell's Appeal, 87 Pa. 510; Penna. Salt Mfg. Co. et al. v. Neel, 54 Pa. 9.

A conveyance from the husband directly to his wife, there being no fraud on creditors in contemplation, is good: Thompson v. Allen, 103 Pa. 44; Merritt v. Whitlock, 200 Pa. 50; Coates et al. v. Gerlach, 44 Pa. 43; Townsend et al. v. Maynard, 45 Pa. 198; Rose et ux. v. Latshaw et al., 90 Pa. 238.

There would seem to be no good reason why Rickert could not make conveyance to himself and wife by the entireties, and upon the prior death of the wife he would take the whole estate.

Now, May 18, 1932, we adjudge that upon the death of Martha Rickert the said Alphenus Franklin Rickert took the entire estate in the property described in the petition.

From William A. Wilcox, Scranton, Pa.